UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT L. MORE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civ. Action No. 99-3373 (EGS) |
| JACOB E. LEW, Secretary, Department of the Treasury, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I. INTRODUCTION

Pending before the Court is Plaintiff's Motion for Relief from Final Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3). Plaintiff Charles E. Hughes, along with six other plaintiffs, brought individual actions under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 631 *et seq.* against the Secretary of the Department of the Treasury.[1] Plaintiffs alleged that they were discriminated against on the basis of their age with respect to various promotion decisions made by their employer, the Bureau of Engraving and Printing ("BEP") within the Department of the Treasury. Upon consideration of the motion, the entire record, the applicable

---

[1] Jacob Lew has been automatically substituted for one of his predecessors pursuant to Fed. R. Civ. P. 25(d)(1).

law, and for the reasons stated below, the Court **DENIES** Plaintiff's motion.

**II. BACKGROUND**

The background of this case is fully set forth in *More v. Snow*, 480 F. Supp. 2d 257 (D.D.C. 2007). Briefly, Plaintiffs, including Mr. Hughes, alleged that the BEP discriminated against them with respect to promotions between 1997 and 2003, during which time the BEP promoted officers under the age of 40 for each position Plaintiffs applied for. *Id.* at 263. After extensive discovery, Defendant filed a motion for summary judgment, arguing that Plaintiffs had failed to exhaust their administrative remedies, and that Plaintiffs' claims failed on their merits. *Id.* at 261. The Court ruled that Plaintiffs had failed to exhaust their administrative remedies with respect to all but two of the challenged promotion decisions. *Id.* at 271-73. With respect to Mr. Hughes specifically, the Court found that he had alleged a prima facie case of age discrimination regarding a 2001 promotion decision, and that he could argue pretext for the non-discriminatory reasons for the decision offered by Defendant. *Id.* at 274.

The Court conducted a bench trial on the remaining claims in early 2008, and entered final judgment for defendants on July 28, 2008. *See* Pl.'s Mot., Ex. A, Tr. of Ruling. In so doing, the Court held the Plaintiffs had failed to present competent

evidence of intentional age discrimination sufficient to rebut Defendant's non-discriminatory reason for the two promotion decisions being challenged. *Id.* at 23:23-24:3. Specifically, with regard to Mr. Hughes, the Court found that he had established a prima facie case of age discrimination for the challenged 2001 promotion because (1) he was over the age of forty, (2) he applied for the promotion, (3) he met minimum qualifications for the promotion, and (4) he was denied promotion in favor of applicants who were substantially younger. *Id.* at 17:9-17. The Court, however, found that Defendant established a legitimate, non-discriminatory reason for failing to promote him when Officer Ashton, the selecting officer for the 2001 promotion decision, stated that the fact that the promoted officers all regularly volunteered overtime and volunteered for assignments influenced her decision. *Id.* at 19:22-20:8; 23:8-23:15. Considering arguments and evidence presented by both parties, the Court found for Defendant and against Mr. Hughes.

Mr. Hughes filed his Motion for Relief From Final Judgment Pursuant to Rules 60(b)(6) and 60(d)(3) on July 4, 2013, almost five full years after the Court entered judgment on behalf of Defendants. He argues that the judgment should be set aside because it was "manifestly unjust" due to fraud by his own counsel as well as counsel for the Defendant. Defendant has

opposed the motion, and it is now ripe for determination by the Court.

**III. STANDARD OF REVIEW**

    **A.   Rule 60(b)(6)**

Pursuant to Federal Rule of Civil Procedure 60(b) a district court may relieve a party from previous judgment for six enumerated reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) provides courts with authority to set aside a judgment provided that it is "not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). The party seeking relief from judgment bears the burden of showing that he or she is entitled to the relief sought. *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011); *United States v. 8 Gilcrease Lane*, 668 F. Supp. 2d 128, 131 (D.D.C. 2009).

Rule 60(b) motions must be filed "within a reasonable time," which is defined as no more than one year after judgment for reasons (1), (2), and (3). Fed. R. Civ. P. 60(c)(1). What constitutes a "reasonable time" varies with the circumstances.

*Carvajal v. Drug Enforcement Admin.*, 286 F.R.D. 23, 26 (D.D.C. 2012). "In this Circuit, courts almost uniformly deny Rule 60(b)(6) motions as untimely when they are filed more than three months after judgment." *Id.* at 26. However, "a delay of several years has been found permissible when plaintiff bore no fault for the delay and filed the motion as soon as feasible." *Id.* at 26-27 & n.4 (listing four decisions in which the D.C. Circuit has found that a delay of several years was permissible where the moving party filed the motion within a month of learning of the entry of judgment, or where the delay was caused by "gross neglect" of the moving party's counsel). In determining whether a Rule 60(b) motion was filed within a reasonable time, a court may also consider whether granting relief would cause prejudice to the opposing party. *Salazar v. District of Columbia*, 633 F.3d 1110, 1118 (D.C. Cir. 2011).

Rule 60(b)(6) "provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice . . . [but] it should only be applied in 'extraordinary circumstances.'" *Liljeberg*, 486 U.S. at 864 (citations and quotation marks omitted). Moreover, Rule 60(b)(6) is only available when "the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Id.* at 863. Examples of the extraordinary circumstances under which relief has been granted

5

pursuant to Rule 60(b)(6) include an adversary's failure to comply with a settlement agreement that was incorporated into a court's order, fraud by the "party's own counsel, by a codefendant, or by a third-party witness[,]" or "when the losing party fails to receive notice of the entry of judgment in time to file an appeal." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2864 (2d ed. 1995).

### B. Rule 60(d)(3)

Plaintiff has also moved for relief pursuant to Federal Rule of Civil Procedure 60(d)(3), which provides that the court may "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Relief due to "fraud on the court" is very rarely warranted, and is "typically confined to the most egregious cases, such as bribery of a judge or a juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982).

### IV. DISCUSSION

Mr. Hughes' current motion for relief from judgment asserts two principal grounds for relief. First, he argues that Defendant's counsel perpetrated a fraud on the Court by misleading the Court regarding the circumstances surrounding his promotion to corporal. Pl.'s Mot. for Relief at 6. He argues

that Defendant's counsel advised key witnesses to falsely testify, both at trial and during discovery, that he was promoted after the BEP had implemented a seniority based promotion system. According to Mr. Hughes, he was competitively promoted in November 2002, before the BEP implemented the seniority based system. *Id.* at 5-7. Mr. Hughes does not specify when the seniority based system was imposed; only that it was sometime after his competitive promotion. Mr. Hughes argues that these misrepresentations had the effect of inducing the Court "into believing that Mr. Hughes' promotion was seniority based although it was not." *Id.* at 7. Mr. Hughes also contends that this fraud was evident in Defendant's assertion that there was no conflict of interest between Plaintiffs during briefing on potential conflicts prior to the bench trial. *Id.* at 7-8.

Second, Mr. Hughes argues that his own counsel, Lawrence B. Manley, was incompetent and grossly negligent, thus entitling him to relief from judgment. Mr. Hughes' complaints about his counsel are varied, and they involve allegations about both counsel's behavior publicly in the courtroom and privately with his clients. *Id.* at 9. Among Mr. Hughes' complaints are the following: (1) that Mr. Manley failed to assert that Mr. Hughes was competitively promoted before a seniority based system was implemented by BEP, *id.* at 9; (2) that Mr. Manley continued to

7

represent him despite the fact that he had not signed a retainer agreement, *id.* at 10-11; (3) that at some point during the pendency of the case, Mr. Hughes wanted new counsel but was told by Mr. Manley that he could not do so until he paid his outstanding legal fees, *id.* at 12-13; (4) that Mr. Manley falsely represented that there was no conflict of interest between the Plaintiffs even though Mr. Hughes and one other Plaintiff were competitively promoted to corporal before the other Plaintiffs, who were not promoted until BEP implemented a seniority based promotion system, *id.* at 13-14; (5) that Mr. Manley did not properly probe contradictory testimony by defense witnesses, *id.* at 14; (6) that Mr. Hughes was not able to be present at the final hearing in this matter because Mr. Manley consented to a defense motion to continue the hearing without his permission, *id.* at 14-15; and (7) that Mr. Manley accepted an offer by Defendant not to move for costs in exchange for foregoing an appeal without his permission, *id.* at 17.

Though the basis of Mr. Hughes' motion is clearly fraud and misrepresentation by his own counsel and counsel for Defendant, he has styled his motion as one pursuant to Fed. R. Civ. P. 60(b)(6) rather than 60(b)(1) or 60(b)(3), which provide for relief on the basis of "mistake, inadvertence, or excusable neglect" and "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing

8

party." Fed. R. Civ. P. 60(b)(1), 60(b)(3). Unlike motions pursuant to Rule 60(b)(6), which must be filed within a "reasonable time," motions made pursuant Rule 60(b)(1) or 60(b)(3) must be filed no more than a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1).

The provisions of Rule 60(b) are "'mutually exclusive' to the extent that subsection (6) cannot be used to avoid the one-year limitation in subsections (1)-(5), such that 'a party who failed to take timely action due to 'excusable neglect' [within one year] may not seek relief more than a year after the judgment by resorting to subsection (6).'" *Salazar*, 633 F.3d at 1118. Nor can a motion be filed pursuant to Rule 60(b)(6) if it is premised on one of the other enumerated bases for relief. *See Liljeberg*, 486 U.S. at 863; *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (noting that Rule 60(b)(6) is mutually exclusive of the other enumerated grounds for relief in Rule 60(b)); *S. Pac. Commc'ns Co. v. Am. Tel. & Tel. Co.*, 740 F.2d 1011, 1017 (D.C. Cir. 1984) (same). The Court can think of no reason why Mr. Hughes would file a motion pursuant to this residual clause other than to circumvent the timing requirements of Rules 60(b)(1) and 60(b)(3). That alone is reason to deny Mr. Hughes' motion.

However, even if the Court were to accept the contention that Mr. Hughes' motion is appropriate pursuant to Rule

60(b)(6), Mr. Hughes has not filed his motion within a "reasonable time" as required by the rule. Though there is no established standard for assessing whether a motion was filed within a "reasonable time" in this Circuit, there are a number of factors that the court can consider in making such a determination, including the reason for the delay and whether the non-movant will be prejudiced by granting the motion. *Salazar*, 633 F.3d at 1118 & n.5 (citations omitted). In a declaration filed in support of his motion, Mr. Hughes details the extensive litigation he engaged in between 2009 and 2012 to resolve a fee dispute with Mr. Manley regarding his representation of Plaintiff in this matter. Pl.'s Mot., Hughes Decl. ¶¶ 30-37. He also notes that because of issues with his attorney, he was unable to obtain a transcript of the July 28, 2009 hearing until after the time to file an appeal had expired. *Id.* ¶¶ 24-27. Mr. Hughes has proffered no other explanation for the almost five year delay in filing his motion nor has he presented any argument that he was diligent in pursuing relief in the meantime. Under such circumstances, Mr. Hughes' delay in filing is patently unreasonable.[2] *See Carjaval*, 286 F.R.D. at

---

[2] Though the Court need not reach the question of prejudice because Plaintiff has failed to file his motion within a reasonable time, granting Mr. Hughes the relief he seeks would unquestionably prejudice Defendant. As Defendant argues in its opposition, to relitigate Plaintiff's claims, nearly five years after judgment was entered and more than a decade after the

26-27. A delay of several years, like that in this case, has only been found reasonable when plaintiff bore no fault for the delay and filed a motion as soon as feasible. *See Klapprott v. United States*, 335 U.S. 601, 615 (1949) (holding that default judgment was properly vacated when plaintiff showed severe hardship). That is not the case here.

Finally, separate and apart from the fact that Mr. Hughes did not file his motion within a reasonable time, he has not made a showing of the "extraordinary circumstances" required for relief under Rule 60(b)(6). Indeed, Mr. Hughes' failure to pursue relief from judgment, while he was perfectly capable of litigating a fee dispute, counsels against finding that "extraordinary circumstances" are present to warrant relief. In this Circuit, "[a] litigant's diligence in pursuing review of a decision, either through appeal or through Rule 60(b)(6) relief, is relevant in assessing whether extraordinary circumstances are present." *Salazar*, 633 F.3d at 1118-19. In this case, Mr. Hughes' "'lack of diligence' effectively precludes a finding of 'extraordinary circumstance.'" *Id.* at 1121. Moreover, all of the bases for relief that Mr. Hughes asserts in his motion

---

events in question occurred, would "unfairly prejudice defendant because the underlying events have become so remote in time that evidence would be lost in the form of faded memories of witnesses and possible difficulty even locating key witnesses." Def.'s Opp'n at 6.

existed prior to entry of judgment or shortly thereafter. As such, Mr. Hughes had ample opportunity to raise these issues then, and cannot use a Rule 60(b) motion to remedy his failure to do so.[3]

**IV. CONCLUSION**

Because Mr. Hughes has not shown that relief from judgment pursuant to Rules 60(b)(6) and 60(d)(3) is appropriate, his motion is hereby **DENIED**.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**March 31, 2014**

---

[3] Mr. Hughes' motion pursuant to Rule 60(d)(3) also fails. As noted above, such relief is very rarely warranted except in the most egregious cases. *See supra* Section 2.B. None of the arguments advanced by Mr. Hughes comes close to "the more egregious forms of subversion of the legal process" that would amount to "fraud on the court." *Great Coastal Express*, 675 F.2d at 1357. The Court therefore denies his motion on these grounds.